**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Oregon

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | Audible Capital Corp |

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)    ___ ___ – ___ ___ ___ ___ ___ ___ ___

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:    xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

| | |
|---|---|
| 3. **Name of foreign representative(s)** | KSV Kofman Inc., in its capacity as Court-appointed receiver |
| 4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Ontario Superior Court of Justice; Court File No. CV-20-00640212-00CL |

**5. Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
  (1) Order Appointing Receiver;
  (2) Declaration of Noah Goldstein in Support of Petition

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Case 20-31521-pcm15    Doc 1    Filed 05/07/20

**8.  Others entitled to notice**    Attach a list containing the names and addresses of:

(i)  all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

Canada

**Debtor's registered office:**

2400, 525 - 8 Avenue SW
Number      Street

_____
P.O. Box

Calgary, AB  T2P1G1
City          State/Province/Region    ZIP/Postal Code

Canada
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City          State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

150 King Street West
Number      Street

Suite 2308, Box 42
P.O. Box

Toronto, Ontario M5H1J9
City          State/Province/Region    ZIP/Postal Code

Canada
Country

**10.  Debtor's website** (URL)    _____

**11.  Type of debtor**

*Check one:*

☑  Non-individual (*check one*):

☑  Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

❑  Partnership

❑  Other.  Specify: _____

❑  Individual

Case 20-31521-pcm15    Doc 1    Filed 05/07/20

| 12. | **Why is venue proper in this district?** | Check one: |

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

Debtors' US operations are located in the District_____.

---

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ _____    Noah Goldstein
   Signature of foreign representative    Printed name

Executed on    05/07/2020
               MM / DD / YYYY

✖ _____    _____
   Signature of foreign representative    Printed name

Executed on    _____
               MM / DD / YYYY

---

**14. Signature of attorney**

✖ /s/ Brandy A. Sargent_____    Date    05/07/2020
   Signature of Attorney for foreign representative        MM / DD / YYYY

Brandy A. Sargent_____
Printed name
K&L Gates LLP_____
Firm name
One SW Columbia, Suite 1900_____
Number        Street
Portland_____    OR_____    97204_____
City                                State        ZIP Code

(503) 226-5735_____    brandy.sargent@klgates.com
Contact phone                Email address

045713_____    OR_____
Bar number                State

Case 20-31521-pcm15    Doc 1    Filed 05/07/20

CV-20-00640212                    May 6, 2020

## RE  BRIDGING FINANCE

(1) This application was heard by video conference in accordance with The changes to The operation of The Commercial List in light of The Covid-19 crisis and The Chief Justice's Notices to The Profession.

(2) I am satisfied The application should be granted on the Terms of The attached order appointing a receiver.

(3) This order is effective on May 7, 2020. It does not have to be entered.

Hainey J

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| THE HONOURABLE MR. | ) | THURSDAY, THE 7th |
|---|---|---|
| JUSTICE HAINEY | ) ) | DAY OF MAY, 2020 |

B E T W E E N:

**BRIDGING FINANCE INC. AS AGENT**

Applicant

- and -

**AUDIBLE CAPITAL CORP.,**
**AVENIR TRADING CORP., 1892244 ALBERTA LTD.,**
**AVENIR SPORTS ENTERTAINMENT LTD.,**
**AVENIR SPORTS ENTERTAINMENT CORP. and**
**PORTLAND WINTERHAWKS, INC.**

Respondents

APPLICATION UNDER SUBSECTION 243(1) OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, c.B-3, AS AMENDED, AND SECTION 101 OF THE *COURTS OF JUSTICE ACT*, R.S.O. 1990, c.C.43, AS AMENDED

**ORDER**
**(appointing Receiver)**

**THIS APPLICATION** made by the Applicant for an Order pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "*BIA*") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "*CJA*") appointing KSV Kofman Inc. as receiver (the "**Receiver**") without security, of all of the assets, undertakings and

properties of the Respondents (collectively, the "**Debtors**") acquired for, or used in relation to a business carried on by the Debtors, was heard this day via videoconference due to the COVID-19 crisis.

ON READING the affidavit of Lekan Temidire sworn April 28, 2020 and the Exhibits thereto and the affidavit of Lynda Christodoulou worn May 4, 2020 and the Exhibits thereto, and on hearing the submissions of counsel for the Applicant and on reading the consent of KSV Kofman Inc. to act as the Receiver,

**SERVICE**

1.      **THIS COURT ORDERS** that the time for service of the Notice of Application and the Application Record is hereby abridged and validated, and the manner of service of the Notice of Application and Application Record is hereby validated, so that this application is properly returnable today and hereby dispenses with further service thereof.

**APPOINTMENT**

2.      **THIS COURT ORDERS** that pursuant to section 243(1) of the *BIA* and section 101 of the *CJA*, KSV Kofman Inc. is hereby appointed Receiver, without security, of all of the assets, undertakings and properties of the Debtors acquired for, or used in relation to a business carried on by the Debtors, including all proceeds thereof (the "**Property**").

**RECEIVER'S POWERS**

3.      **THIS COURT ORDERS** that the Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

(a) to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property;

(b) to receive, preserve, and protect the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, the engaging of independent security personnel, the taking of physical inventories and the placement of such insurance coverage as may be necessary or desirable;

(c) to manage, operate, and carry on the business of the Debtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part of the business, or cease to perform any contracts of the Debtors;

(d) to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(e) to purchase or lease such machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtors or any part or parts thereof;

(f) to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies, including, without limitation, to enforce any security held by the Debtors;

(g) to settle, extend or compromise any indebtedness owing to the Debtors;

(h)     to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(i)     to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtors, the Property or the Receiver, and to settle or compromise any such proceedings The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding;

(j)     to market any or all of the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate;

(k)     to sell, convey, transfer, lease or assign the Property or any part or parts thereof out of the ordinary course of business,

     (i)     without the approval of this Court in respect of any transaction not exceeding $250,000, provided that the aggregate consideration for all such transactions does not exceed $500,000; and

     (ii)    with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause;

and in each such case notice under subsection 63(4) of the Ontario *Personal Property Security Act*, or subsection 60(4) of the Alberta *Personal Property Security Act*, as the case may be, shall not be required;

(l)     to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(m)     to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(n)     to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

(o)     to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by the Receiver, in the name of the Debtors;

(p)     to enter into agreements with any trustee in bankruptcy appointed in respect of the Debtors, including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the Debtors;

(q)     to exercise any shareholder, partnership, joint venture or other rights which the Debtors may have; and

(r)      to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations,

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtors, and without interference from any other Person.

## DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER

4.      **THIS COURT ORDERS** that (i) the Debtors, (ii) all of its current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on its instructions or behalf, and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being "**Persons**" and each being a "**Person**") shall forthwith advise the Receiver of the existence of any Property in such Person's possession or control, shall grant immediate and continued access to the Property to the Receiver, and shall deliver all such Property to the Receiver upon the Receiver's request.

5.      **THIS COURT ORDERS** that all Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or affairs of the Debtors, and any computer programs, computer tapes, computer disks, or other data storage media containing any such information (the foregoing, collectively, the "**Records**") in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that

nothing in this paragraph 5 or in paragraph 6 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or due to statutory provisions prohibiting such disclosure.

6.     **THIS COURT ORDERS** that if any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver.  Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all access codes, account names and account numbers that may be required to gain access to the information.

7.     **THIS COURT ORDERS** that the Receiver shall provide each of the relevant landlords with notice of the Receiver's intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal.  The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes the Receiver's entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any

applicable secured creditors, such landlord and the Receiver, or by further Order of this Court upon application by the Receiver on at least two (2) days notice to such landlord and any such secured creditors.

## NO PROCEEDINGS AGAINST THE RECEIVER

8.     **THIS COURT ORDERS** that no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

## NO PROCEEDINGS AGAINST THE DEBTORS OR THE PROPERTY

9.     **THIS COURT ORDERS** that no Proceeding against or in respect of the Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Property are hereby stayed and suspended pending further Order of this Court.

## NO EXERCISE OF RIGHTS OR REMEDIES

10.     **THIS COURT ORDERS** that all rights and remedies against the Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the *BIA*, and further provided that nothing in this paragraph shall (i) empower the Receiver or the Debtors to carry on any business which the Debtors is not lawfully entitled to carry on, (ii) exempt the Receiver or the Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH THE RECEIVER**

11.     **THIS COURT ORDERS** that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors, without written consent of the Receiver or leave of this Court.

**CONTINUATION OF SERVICES**

12.     **THIS COURT ORDERS** that all Persons having oral or written agreements with the Debtors or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtors are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver, and that the Receiver shall be entitled to the continued use of the Debtors' current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Receiver in accordance with normal payment practices of the Debtors or such other practices as may be agreed upon by the supplier or service provider and the Receiver, or as may be ordered by this Court.

**RECEIVER TO HOLD FUNDS**

13.     **THIS COURT ORDERS** that all funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the sale of all or any of the Property and the collection of any accounts receivable in whole or in part, whether in existence on the date of this

Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver (the "**Post Receivership Accounts**") and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further Order of this Court.

## EMPLOYEES

14.     **THIS COURT ORDERS** that all employees of the Debtors shall remain the employees of the Debtors until such time as the Receiver, on the Debtors' behalf, may terminate the employment of such employees. The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the *BIA*, other than such amounts as the Receiver may specifically agree in writing to pay, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the *BIA* or under the *Wage Earner Protection Program Act*.

## PIPEDA

15.     **THIS COURT ORDERS** that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a "**Sale**"). Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information. The purchaser of any Property shall be entitled to continue to use the personal

information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtors, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

## LIMITATION ON ENVIRONMENTAL LIABILITIES

16. **THIS COURT ORDERS** that nothing herein contained shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Receiver from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Receiver shall not, as a result of this Order or anything done in pursuance of the Receiver's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

## LIMITATION ON THE RECEIVER'S LIABILITY

17. **THIS COURT ORDERS** that the Receiver shall incur no liability or obligation as a result of its appointment or the carrying out the provisions of this Order, save and except for any

gross negligence or wilful misconduct on its part, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the *BIA* or under the *Wage Earner Protection Program Act*. Nothing in this Order shall derogate from the protections afforded the Receiver by section 14.06 of the *BIA* or by any other applicable legislation.

**RECEIVER'S ACCOUNTS**

18.     **THIS COURT ORDERS** that the Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges unless otherwise ordered by the Court on the passing of accounts, and that the Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge (the "**Receiver's Charge**") on the Property, as security for such fees and disbursements, both before and after the making of this Order in respect of these proceedings, and that the Receiver's Charge shall form a first charge on the Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subject to sections 14.06(7), 81.4(4), and 81.6(2) of the *BIA*.

19.     **THIS COURT ORDERS** that the Receiver and its legal counsel shall pass its accounts from time to time, and for this purpose the accounts of the Receiver and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

20.     **THIS COURT ORDERS** that prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including legal fees and disbursements, incurred at the standard rates and charges of the Receiver or its counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

**FUNDING OF THE RECEIVERSHIP**

21.     **THIS COURT ORDERS** that the Receiver be at liberty and it is hereby empowered to borrow by way of a revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed $750,000 (or such greater amount as this Court may by further Order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Receiver by this Order, including interim expenditures.  The whole of the Property shall be and is hereby charged by way of a fixed and specific charge (the "**Receiver's Borrowings Charge**") as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subordinate in priority to the Receiver's Charge and the charges as set out in sections 14.06(7), 81.4(4), and 81.6(2) of the *BIA*.

22.     **THIS COURT ORDERS** that neither the Receiver's Borrowings Charge nor any other security granted by the Receiver in connection with its borrowings under this Order shall be enforced without leave of this Court.

23.     **THIS COURT ORDERS** that the Receiver is at liberty and authorized to issue certificates substantially in the form annexed as **Schedule "A"** hereto (the "**Receiver's Certificates**") for any amount borrowed by it pursuant to this Order.

24.     **THIS COURT ORDERS** that the monies from time to time borrowed by the Receiver pursuant to this Order or any further order of this Court and any and all Receiver's Certificates

evidencing the same or any part thereof shall rank on a *pari passu* basis, unless otherwise agreed to by the holders of any prior issued Receiver's Certificates.

## RECOGNITION AND FOREIGN REPRESENTATIVE

25.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, in the United States or elsewhere, to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order.   All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant foreign representative status to the Receiver in any foreign proceeding, or to assist the Receiver and its agents in carrying out the terms of this Order.

26.     **THIS COURT ORDERS** that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, including in the United States, for the recognition of this Order and the within proceeding for assistance in carrying out the terms of this Order, and the Receiver is authorized and empowered to act as a foreign representative in respect of the Debtors and the within proceeding for the purpose of having the within proceeding recognized in a jurisdiction outside of Canada.

27.     **THIS COURT ORDERS** that the Receiver is authorized and empowered, as a foreign representative of the Debtors and the within proceeding, to apply to the United States Bankruptcy Court for relief pursuant to Chapter 15 of the *United States Bankruptcy Code*, and any other provisions of the *United States Bankruptcy Code*.

**SEALING**

28.     **THIS COURT ORDERS** that Confidential Exhibit "A" to the Affidavit of Lekan Temidire sworn April 28, 2020 be and is hereby sealed pending further order of this Court.

**SERVICE AND NOTICE**

29.     **THIS COURT ORDERS** that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/e-service-protocol/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL https://www.ksvadvisory.com/insolvency-cases/case/audible

30.     **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Protocol is not practicable, the Receiver is at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Debtors' creditors or other interested parties at their respective addresses as last shown on the records of the Debtors and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

31.    **THIS COURT ORDERS** that the Applicant, the Receiver and their respective counsel are at liberty to serve or distribute this Order, any other materials and orders as may be reasonably required in these proceedings, including any notices, or other correspondence, by forwarding true copies thereof by electronic message to the Debtors' creditors or other interested parties and their advisors.  For greater certainty, any such distribution or service shall be deemed to be in satisfaction of a legal or juridical obligation, and notice requirements within the meaning of clause 3(c) of the *Electronic Commerce Protection Regulations*, Reg. 81000-2-175 (SOR/DORS).

**GENERAL**

32.    **THIS COURT ORDERS** that the Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

33.    **THIS COURT ORDERS** that nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtors.

34.    **THIS COURT ORDERS** that the Applicant shall have its costs of this motion, up to and including entry and service of this Order, provided for by the terms of the Applicant's security or, if not so provided by the Applicant's security, then on a substantial indemnity basis to be paid by the Receiver from the Debtors' estate with such priority and at such time as this Court may determine.

35.    **THIS COURT ORDERS** that any interested party may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

36.     **THIS COURT ORDERS** that, notwithstanding Rule 59.05, this order is effective from the date it is made, and it is enforceable without any need for entry and filing. In accordance with Rules 77.07(6) and 1.04, no formal order need be entered and filed unless an appeal or motion for leave to appeal is brought to an appellate court.  Any party may nonetheless submit a formal order for original, signing, entry and filing, as the case may be, when the Court returns to regular operations.

37.     **THIS COURT ORDERS** that the title of proceeding herein be and is hereby amended, *nunc pro tunc*, to amend the name of the respondent "PORTLAND WINTERHAWKS, INC." to "PORTLAND WINTER HAWKS, INC.".

<div align="center">

**SCHEDULE "A"**

**RECEIVER CERTIFICATE**

</div>

CERTIFICATE NO. _____

AMOUNT $_____

1.      **THIS IS TO CERTIFY** that KSV Kofman Inc. the receiver (the "**Receiver**") of the assets, undertakings and properties of the Respondents acquired for, or used in relation to a business carried on by the Respondents, including all proceeds thereof (collectively, the "**Property**") appointed by Order of the Ontario Superior Court of Justice (Commercial List) (the "**Court**") dated the 6th day of May, 2020 (the "**Order**") made in an application having Court file number CV-20-00640212-00CL, has received as such Receiver from the holder of this certificate (the "**Lender**") the principal sum of $_____, being part of the total principal sum of $_____ which the Receiver is authorized to borrow under and pursuant to the Order.

2.      The principal sum evidenced by this certificate is payable on demand by the Lender with interest thereon calculated and compounded [daily][monthly not in advance on the _____ day of each month] after the date hereof at a notional rate per annum equal to the rate of _____ per cent above the prime commercial lending rate of Bank of _____ from time to time.

3.      Such principal sum with interest thereon is, by the terms of the Order, together with the principal sums and interest thereon of all other certificates issued by the Receiver pursuant to the Order or to any further order of the Court, a charge upon the whole of the Property, in priority to the security interests of any other person, but subject to the priority of the charges set out in the Order and in the *Bankruptcy and Insolvency Act*, and the right of the Receiver to indemnify itself out of such Property in respect of its remuneration and expenses.

4.      All sums payable in respect of principal and interest under this certificate are payable at the main office of the Lender at Toronto, Ontario.

5.      Until all liability in respect of this certificate has been terminated, no certificates creating charges ranking or purporting to rank in priority to this certificate shall be issued by the Receiver to any person other than the holder of this certificate without the prior written consent of the holder of this certificate.

6.      The charge securing this certificate shall operate so as to permit the Receiver to deal with the Property as authorized by the Order and as authorized by any further or other order of the Court.

7.      The Receiver does not undertake, and it is not under any personal liability, to pay any sum in respect of which it may issue certificates under the terms of the Order.

DATED the _____ day of _____, 20__.

<div style="margin-left:40%">

KSV KOFMAN INC., solely in its capacity
as Receiver of the Property, and not in its
personal capacity

Per: _____

      Name:
      Title:

</div>

BRIDGING FINANCE INC., AS AGENT

Applicant

-and-

AUDIBLE CAPITAL CORP. *et al*

Respondents

Court File No. CV-20-00640212-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

PROCEEDING COMMENCED AT
TORONTO

**ORDER**
(appointing Receiver)

**CHAITONS LLP**
5000 Yonge Street, 10th Floor
Toronto, Ontario M2N 7E9

**Harvey Chaiton** (LSO No. 21592F)
Tel:   (416) 218-1129
Fax:   (416) 218-1849
E-mail: harvey@chaitons.com

**Sam Rappos** (LSO No. 51399S)
Tel:   (416) 218-1137
Fax:   (416) 218-1837
E-mail: samr@chaitons.com

**Lawyers for the Applicant**

Brandy A. Sargent (045713)
Brandy.Sargent@klgates.com
Michael B. Lubic (*pro hac vice* pending)
michael.lubic@klgates.com
Robert B. McLellarn (*pro hac vice* pending)
Robert.McLellarn@klgates.com
K&L GATES LLP
One SW Columbia Street
Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200
Facsimile: +1 503 248 9085


Attorneys for KSV Kofman Inc.
Foreign Representative

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Audible Capital Corp.,<br><br>Debtor in a Foreign Proceeding. | Case No.<br><br>Chapter 15<br><br>STATEMENT PURSUANT TO SECTION 1515(C) OF THE BANKRUPTCY CODE |

I, Noah Goldstein, under the laws of the United States, hereby declare under penalty of perjury as follows:

I am a Managing Partner of KSV Kofman Inc. ("KSV" or the "Receiver"), the Court-appointed receiver for Audible Capital Corp. ("Audible" or the "Debtor") in a proceeding under Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c.B-3, as amended, and *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended, pending before the Ontario Superior Court of Justice (Commercial List) at Toronto (the "Canadian Proceeding").

1

I respectfully submit this statement, as required under Section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code") in support of the Petition for Recognition of a Foreign Proceeding seeking recognition by this Court of the Canadian Proceeding as a foreign main proceeding and other relief requested in this chapter 15 case.

Pursuant to the requirements of Section 1515(c) of the Bankruptcy Code, to my knowledge, the Canadian Proceeding is the only insolvency proceeding of any kind pending with respect to the Debtor and this Chapter 15 case is the only known "foreign proceeding" with respect to the Debtor as that term is defined in Section 101(23) of the Bankruptcy Code.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this  7th  day of May, 2020

_____
Noah Goldstein
Managing Partner, KSV Kofman Inc.
150 King Street West
Suite 2308, Box 42
Toronto, Ontario, M5H 1J9
Canada

304941257 v2

Brandy A. Sargent (045713)
Brandy.Sargent@klgates.com
Michael B. Lubic (*pro hac vice* pending)
michael.lubic@klgates.com
Robert B. McLellarn (*pro hac vice* pending)
Robert.McLellarn@klgates.com
K&L GATES LLP
One SW Columbia Street
Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200
Facsimile: +1 503 248 9085


Attorneys for KSV Kofman Inc.
Foreign Representative

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Audible Capital Corp.,<br><br>　　　　　　　　Debtor in a Foreign<br>　　　　　　　　　　　　　Proceeding. | Case No.<br><br>Chapter 15<br><br>CHAPTER 15 LIST |

KSV Kofman Inc. ("<u>KSV</u>" or the "<u>Receiver</u>"), the Court-appointed receiver for Audible Capital Corp. ("<u>Audible</u>" or the "<u>Debtor</u>") in a proceeding under Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c.B-3, as amended, pending before the Ontario Supreme Court of Justice (Commercial List) at Toronto (the "<u>Canadian Proceeding</u>"), hereby files this list pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4)(B):

**Persons or Bodies Authorized to Administer Foreign Proceedings of the Debtor**

The Receiver is the foreign representative, as that term is defined in Section 101(24) of the Bankruptcy Code, because it has been authorized by court order in the Canadian Proceeding to act

as the foreign representative for the Debtor and to prosecute this chapter 15 case.  *See* Order (appointing receiver) attached to chapter 15 Petition.

The Receiver believes that, other than the Canadian Proceeding and this chapter 15 case, there are no foreign proceedings pending with respect to the Debtor.

The Receiver, and its attorneys authorized to act on its behalf with respect to the Debtor, the Canadian Proceeding, and this Chapter 15 case, are:

> KSV Kofman Inc.
> 150 King Street West
> Suite 2308, Box 42
> Toronto, Ontario, M5H 1J9
> Canada
> (*Receiver in the Canadian Proceeding*)
>
> Bennett Jones LLP
> 3400 One First Canadian Place
> P.O. Box 130
> Toronto, ON, M5X 1A4
> Canada
> (*Counsel for the Receiver in the Canadian Proceeding*)
>
> Sean Zweig
> Aiden Nelms
> 3400 One First Canadian Place
> P.O. Box 130
> Toronto, ON, M5X 1A4
> Canada
> (*Counsel for the Receiver in the Canadian Proceeding*)
>
> Brandy A. Sargent
> Michael B. Lubic
> Robert B. McLellarn
> K&L Gates LLP
> One SW Columbia St., Suite 1900
> Portland, OR 97204
> (*Counsel for the Receiver in this Chapter 15 Proceeding*)

**Parties to Litigation Pending in the United States in Which the Debtor is a Party**

The Receiver is not currently aware of any litigation pending in the United States in which the Debtor is a party.

304969091 v1

**Entities Against Whom Provisional Relief is Being Sought Under 11 U.S.C. § 1519**

The Receiver seeks provisional relief on behalf of the Debtor to stay the execution or transfer of assets of the Debtor and the application of Section 362 of the Bankruptcy Code in the Debtor's chapter 15 case on a provisional basis, against all known creditors of the Debtor and other interested parties, including without limitation, the persons on the attached list.

Dated: May 7, 2020                    K&L GATES LLP

By:  /s/ Brandy A. Sargent
       Brandy A. Sargent, Bar No. 045713
       Brandy.Sargent@klgates.com
       Michael B. Lubic
       michael.lubic@klgates.com
       Robert B. McLellarn
       Robert.McLellarn@klgates.com

One SW Columbia Street
Suite 1900
Portland, Oregon 97204
Telephone:   +1 503 228 3200
Facsimile:    +1 503 248 9085

Attorneys for KSV Kofman Inc.
Foreign Representative

304969091 v1

PROVISIONAL RELIEF SERVICE LIST

304969091 v1

**Lawyers for Bridging Finance Inc.**

CHAITONS LLP
5000 Yonge Street, 10th Floor
Toronto, ON M2N 7E9

Harvey Chaiton (LSO No. 21592F)
Tel: (416) 218-1129
Fax: (416) 218-1849
E-mail: harvey@chaitons.com

Sam Rappos (LSO No. 51399S)
Tel: (416) 218-1137
Fax: (416) 218-1837
E-mail: samr@chaitons.com


**Secured Creditors**

Bridging Finance Inc., as Agent
77 King Street West, Suite 2925
Toronto, ON M5K 1K7

Bank of Montreal/Banque de Montreal
350 7th Ave. S.W. 7th Floor
Calgary, AB T2P 3N9

Ford Credit Canada Leasing, a Division of Canadian Road Leasing Company
P.O. Box 2400
Edmonton, AB T5J 5C7


**Other Creditors**

Banner Bank
101 SW Main St.
Portland, OR 97204


**Governmental Entities**

Office of the United States Trustee
Stephen Arnot, Assistant U.S. Trustee
620 SW Main Street
Suite 213
Portland, OR 97205-3026

Oregon Department of Revenue
Attn: ODR Bkcy
955 Center NE #353
Salem OR 97301-2555

IRS
PO Box 7346
Philadelphia PA 19101-7346

**Franchisor**

Western Hockey League
1, 3030 Sunridge Way N.E.
Calgary, Alberta
TIY 7K4

**Lessor**

Rip City Management, LLC
Attn: Chris Oxley, Senior Vice President/General Manager, Rose Quarter Operations
One Center Court, Suite 200
Portland, OR 97227

Rip City Management, LLC
Attn: Benjamin R. Lauritsen, General Counsel
One Center Court, Suite 200
Portland, OR 97227

Rip City Management, LLC
Attn: National Registered Agents, Inc.
780 Commercial St. SE Suite 100
Salem, OR 97301

**Receiver**

KSV Kofman Inc.
150 King Street West
Suite 2308, Box 42
Toronto, Ontario, M5H 1J9
Canada

**Counsel to the Receiver in the Canadian Proceeding**

Bennett Jones LLP
3400 One First Canadian Place
P.O. Box 130
Toronto, ON, M5X 1A4
Canada

Sean Zweig
Aiden Nelms
3400 One First Canadian Place
P.O. Box 130
Toronto, ON, M5X 1A4
Canada

**Counsel to the Receiver in the Chapter 15 Proceeding**

Brandy A. Sargent
Michael B. Lubic
Robert B. McLellarn
K&L Gates LLP
One SW Columbia St., Suite 1900
Portland, OR 97204

**Counsel to the Debtors**

Mitch Williams
Burnet, Duckworth & Palmer LLP
2400, 525 - 8th Avenue S.W.
Calgary, AB T2P 1G1
Canada

**Debtors**

Audible Capital Corp.
Registered Office
2400, 525 - 8 Avenue S.W.
Calgary, AB T2P 1G1
Canada

Avenir Trading Corp.
Registered Office
2400, 525 - 8 Avenue S.W.
Calgary, AB T2P 1G1

Canada

1892244 Alberta Ltd.
Registered Office
2400, 525 - 8 Avenue S.W.
Calgary, AB T2P 1G1
Canada

Avenir Sports Entertainment Ltd.
Registered Office
Suite 120, 4838 Richard Road S.W.
Calgary, AB T3E6L1
Canada

Avenir Sports Entertainment Corp.
Douglas Piper, Registered Agent
C/o Portland Winter Hawks
300 N. Winning Way
Portland, OR 97227

Portland Winter Hawks, Inc.
C/o TT Administrative Services, LLC, Registered Agent
888 SW Fifth Ave., Suite 1600
Portland, OR 97204

Audible Capital Corp.
Avenir Trading Corp.
1892244 Alberta Ltd.
Avenir Sports Entertainment Ltd.
C/o William Gallacher, Director
300, 808 - 1 Street S.W.
Calgary, AB T2P1M9
Canada

Portland Winter Hawks, Inc.
C/o William Gallacher, Secretary
C/o Avenir Capital
300, 808 - 1 Street S.W.
Calgary, AB T2P1M9
Canada

Avenir Sports Entertainmetn Corp.
C/o William Gallacher, Secretary
300, 808 - 1 Street S.W.
Calgary, AB T2P1M9
Canada

**William Gallacher**

William Gallacher
300, 808 - 1 Street S.W.
Calgary, AB T2P1M9
Canada

304965288.1